# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DORIS J. MITCHELL, | Case No. 2:15-cv-01700-RFB |
| Plaintiff, | ORDER |
| v. | |
| SETERUS, INC., | |
| Defendant. | |

**I.  Introduction**

This case was taken on appeal from the Bankruptcy Court on September 2, 2015. A hearing was held on June 8, 2017. Before the Court are Appellant Doris Mitchell's Opening Brief [ECF No. 10], Appellee Seterus, Inc.'s Answering Brief [ECF No. 16], and Appellant Mitchell's Reply Brief [ECF No. 25].

**II.  Background**

This case is an appeal from a final order of the United States Bankruptcy Court for the District of Nevada, issued on August 4, 2015, whereby the bankruptcy court dismissed Mitchell's Amended Complaint in Adversary Proceeding No. 15-01036-led. Mitchell appeals whether the bankruptcy court erred in dismissing her Amended Complaint with prejudice.

The underlying suit arises from a loan transaction in December 2014 where Appellant borrowed funds to purchase 6750 Del Rey Ave Unit 138, Las Vegas, Nevada. Appellant signed a promissory note and Deed of Trust, recorded on May 16, 2005, in favor of Fannie Mae's predecessor-in-interest, which secured a repayment of a $108,750.00 loan. Mitchell subsequently defaulted on her loan obligations on November 1, 2008. Seterus, the loan servicer, foreclosed on

the Property.

Mitchell then initiated the bankruptcy action against Seterus. She filed a Complaint on April 6, 2015. Seterus filed a Motion to Dismiss the Complaint on May 8, 2015. Mitchell never responded to the Motion to Dismiss, but filed an Amended Complaint on June 22, 2015. Mitchell did not allege in the Amended Complaint that she paid the debt secured by the title to the Property.

On August 4, 2015, the Bankruptcy Court dismissed Mitchell's Amended Complaint, finding that she failed to allege any facts that stated a claim for quiet title under Nevada law. It found that: Mitchell had not alleged tender or payment of the debt; that neither a request for a loan payoff to a prior servicer or beneficiary, nor her dispute over the effectiveness of the Deed of Trust, excused her duty to tender payment of the secured debt, or proof of an absence of default, in challenging the foreclosure sale.

**III.    Legal Standard**

On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252 (9th Cir. 2003). Interpretation of statutes, and standing issues, are issues of law, which are reviewed by the appellate court *de novo*. In re Mike Hammer Prod., Inc., 294 B.R. 752, 753 (9th Cir. B.A.P. 2003).

**IV.    Discussion**

Mitchell's Opening Brief does not cite to the record or any binding legal authority to argue that the bankruptcy court made erroneous factual findings or incorrect legal determinations in dismissing her amended complaint. Her Opening Brief admits that she entered into a loan to purchase the property, and that she "ceased making the monthly payment obligation." In an action for quiet title in Nevada, NRS 40.010 requires that the plaintiff prove he or she holds good title in the property. See Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev. 1996). Plaintiff has admitted that she defaulted on her loan. The bankruptcy court found: "Plaintiff acknowledges the existence of a secured debt, but does not allege that she satisfied her obligations,

or was discharged from performing her obligations. Although granted leave to amend, Plaintiff has failed to come forth with facts showing a tender of the undisputed portion of the debt, or grounds to excuse, discharge, or toll the obligation to do so . . . Because Plaintiff does not allege that she has satisfied all debt owed on the property, her Amended Complaint fails to allege a cause of action as a matter of law. Dismissal of Plaintiff's Amended Complaint with prejudice is warranted because Plaintiff has had an opportunity to amend her Complaint, and Plaintiff cannot allege any additional facts to constitute an appropriate quiet title action under Nevada law." DeSoto v. Yellow Freight Systems Inc., 957 F.2d 655 (9th Cir. 1992)." Bankruptcy Court Order at 394.

Mitchell now raises arguments which were not raised in the bankruptcy court, since she did not file an opposition to the Motion to Dismiss before that court. Her opening Brief appears to argue that her loan was "void ab initio" because of the securitization process. This argument was not presented to the bankruptcy court. Furthermore, Nevada courts have rejected the argument that securitization of a loan diminishes the underlying power of sale that can be exercised upon a breach by borrower of the Note and Deed of Trust. See, e.g., Edelstein v. Bank of New York Mellon, 286 P.3d 249, 256 (Nev. 2012) (holding that "separation [of the Note and Deed of Trust] is not irreparable or fatal to either the promissory note or the deed of trust . . . a valid beneficiary may assign its beneficial interest in the deed of trust to the holder of the note, at which time the documents are reunified" and enforcement upon a default may occur).

Mitchell also now raises an argument that Seterus committed "constructive fraud" by participating, in some unexplained manner, in the securitization of the loan. Again, this was not presented to the bankruptcy court as an argument against dismissal, since she did not file any opposition to the Motion to Dismiss before that court. Furthermore, Mitchell has provided no specific allegations related to any fraud on the part of Seterus.

**V.     Conclusion**

IT IS ORDERED that this Court AFFIRMS the ruling of the bankruptcy court below, dismissing Mitchell's claims with prejudice.

DATED: October 5, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE